IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA LYNN SWANSON, | CASE NO. CV F 09-1507 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANT WEISS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | |
| EMC MORTGAGE CORPORATION, et al, | |
| Defendants. | |

**INTRODUCTION**

Defendant Robert E. Weiss, Inc. ("Weiss") seeks to dismiss plaintiff Marla Lynn Swanson's ("Ms. Swanson's") negligence, fraud, unfair business practices and wrongful foreclosure claims as legally barred and deficient. Ms. Swanson filed no papers to oppose dismissal of her claims against Weiss. This Court considered Weiss' F.R.Civ.P. 12(b)(6) motion on the record and VACATES the December 22, 2009 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court DISMISSES this action against Weiss.

**BACKGROUND**

**Ms. Swanson's Home Loan**

On July 7, 2006, Ms. Swanson executed a $308,000 promissory note ("note") payable to defendant Community Lending, Inc. ("Community") for her Sanger residence ("property"). A July 7, 2006 Deed of Trust ("DOT") encumbered the property to secure the note. The DOT identifies former

1

defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary acting as Community's nominee. The DOT identifies Stewart Title of California ("Stewart Title") as trustee.

By a Substitution of Trustee ("SOT") recorded on February 24, 2009, Weiss substituted as DOT trustee.[1] On March 5, 2009, Weiss recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") to initiate foreclosure of the property. Foreclosure has proceeded no further, and no notice of trustee's sale has been recorded.

### Ms. Swanson's Claims

Ms. Swanson proceeds on her First Amended Complaint ("FAC") to allege claims in connection with her home loan against several defendants. The FAC alleges:

> . . . None of the named Defendants own the loan subject to this action, and none are entitled to enforce the security interest.
>
> . . .
>
> . . . No legal transfer of the Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property was ever effected that gave any of the Defendants the right to be named trustee, mortgagee, beneficiary or an authorized agent of trustee, mortgagee or beneficiary of Plaintiff Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property.

The FAC alleges that Weiss "was not legally entitled to initiate foreclosure proceedings." The FAC further alleges that Weiss is not a real party in interest and faults the defendants' absence of possession of the note.

The FAC seeks to recover compensatory and punitive damages and injunctive relief to preclude the property's foreclosure.

Weiss challenges the claims against it – negligence, fraud, violation of California Business & Professions Code, §§ 17200, et seq. (Unfair Competition Law ("UCL")), and wrongful foreclosure – which will be discussed below.

### DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

---

[1] All documents pertaining to Ms. Swanson's loan and foreclosure were recorded in the Fresno County Recorder's Office.

2

forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Citation omitted.)

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[2] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). A court properly may take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

As such, this Court is able to consider Ms. Swanson's pertinent loan and foreclosure documents.

///

---

[2] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

4

**Negligence**

The FAC's (third) negligence claim alleges that defendants other than Weiss breached duties owed to Ms. Swanson. Weiss properly faults the claim's absence of Weiss' breach of duty.

### *Limited Trustee Duties*

Weiss notes that a DOT trustee "is a passive, special agent with limited powers." Weiss faults the negligence claim's silence "as to any act performed by Defendant Weiss violative of its duty to record and provide the statutory notices required for a power of sale foreclosure."

"Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000). A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930).

An "ordinary trust deed conveys the legal title to the trustee only so far as may be necessary to the execution of the trust." *Lupertino v. Carbahal*, 35 Cal.App.3d 742, 748, 111 Cal.Rptr. 112 (1973). A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt." *Lupertino*, 35 Cal.App.3d at 748, 111 Cal.Rptr. 112 (quoting *Bank of Italy, etc. Assn. v. Bentley,* 217 Cal. 644, 656, 20 P.2d 940 (1933)). The California Court of Appeal has explained a deed of trust trustee's limited authority:

> The trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust. [The trustee's] only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." (*Vournas v. Fidelity National Title Ins. Co.* (1999) 73 Cal.App.4th 668, 677, 86 Cal.Rptr.2d 490.) Consistent with this view, California courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust. As our Supreme Court noted in *I.E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, 216 Cal.Rptr. 438, 702 P.2d 596, "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes.... [¶] ... [T]here is no authority for

the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes." ( Id. at pp. 287-288, 216 Cal.Rptr. 438, 702 P.2d 596.)

*Heritage Oaks Partners v. First American Title Ins. Co.,* 155 Cal.App.4th 339, 345, 66 Cal.Rptr.3d 510 (2007); *see Monterey SP Partnership v. WL Bangham*, 49 Cal.3d 454, 462-463, 261 Cal.Rtpr. 587 (1989) ("The similarities between a trustee of an express trust and a trustee under a deed of trust end with the name. . . . the trustee under a deed of trust does not have a true trustee's interest in, and control over, the trust property. Nor is it bound by the fiduciary duties that characterize a true trustee.")

A "trustee has a general duty to conduct the sale 'fairly, openly, reasonably, and with due diligence,' exercising sound discretion to protect the rights of the mortgagor and others." *Hatch v. Collins,* 225 Cal.App.3d 1104, 1112, 275 Cal.Rptr. 476 (1990)(citation omitted).

The FAC lacks facts to support a duty owed and breached by Weiss to warrant dismissal of the negligence claim against Weiss.

### *Possession Of Original Note*

The negligence claim references failure "to maintain the original Mortgage Note." Weiss notes that the "produce-the-note" theory "is confusingly directed" at Weiss.

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003). The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924l:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed

substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. "The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)). An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

Weiss is correct that Ms. Swanson's "produce-the-note" claim lacks "legal merit."

### *Loan Origination And Disclosures*

The negligence claim references breach of duties regarding origination of Ms. Swanson's loan and loan disclosures. Weiss correctly notes that it is not subject to loan origination and disclosure claims in that it was not the original trustee and substituted as trustee three years after the loan.

Weiss points out that to the extent the negligence claim attempts to allege breach of duty as to preparation or recordation of the SOT or NOD, such action is privileged.

Non-judicial foreclosure sales "are governed by a 'comprehensive' statutory scheme. This scheme, which is found in Civil Code sections 2924 through 2924k, evidences a legislative intent that a sale which is properly conducted 'constitutes a final adjudication of the rights of the borrower and lender.'" *Royal Thrift and Loan Co. v. County Escrow, Inc.*, 123 Cal.App.4th 24, 32, 20 Cal.Rptr.3d 37 (2004) (quoting *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.,* 85 Cal.App.4th 1279, 1283-1284, 102 Cal.Rptr.2d 711, fn. omitted (2001)).

Subsection (d) of California Civil Code section 2924 ("section 2924") renders as California Civil Code section 47 "privileged communications" the "mailing, publication, and delivery" of foreclosure notices and "performance" of foreclosure procedures. The section 2924(d) privilege extended through California Civil Code section 47 applies to tort claims other than malicious prosecution. *Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 361 81 P.3d 244 (2004) ("As noted, the only tort claim

we have identified as falling outside the privilege established by section 47(b) is malicious prosecution.")

Weiss' alleged wrongs are subject to section 2924(d) immunity. This Court construes Ms. Swanson's absence of opposition as her concession that Weiss is shielded by section 2924(d) immunity to further warrant dismissal of the negligence claim against Weiss.

### *Wrongful Foreclosure*

Weiss argues that to the extent the negligence claim alleges that foreclosure was negligently commenced or was wrongful, section 2924(b) protects Weiss. Section 2924(b) provides in pertinent part: "In performing acts required by this article, the trustee **shall incur no liability** for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and amount of the default under the secured obligation, deed of trust, or mortgage." (Bold added.) Weiss is correct that the FAC lacks support for a claim regarding Weiss' recording of the SOT and NOD.

The negligence claim fails as to Weiss to warrant its dismissal against Weiss.

### **Fraud**

The FAC's (sixth) fraud claim alleges:

> . . . Weiss misrepresented to Plaintiff that Weiss was entitled to enforce the security interest and has the right to institute a non-judicial foreclosure proceeding under the Deed of Trust when they [sic] filed a Notice of Default on March 5, 2009. In fact, Defendant Weiss was not a trustee, mortgagee or beneficiary, nor are they [sic] authorized agents of the trustee, mortgagee or beneficiary, nor are they [sic] in possession of the Note, or holders of the Note, or non-holders of the Note entitled to payment, as required by California Commercial Code §§ 3301 and 3309. As a result, Defendant Weiss did not have the right to initiate foreclosure proceeding herein under California Civil Code § 2924 et seq.

### *Absence Of Particularity*

Weiss challenges the fraud claim's failure to satisfy F.R.Civ.P. 9(b) requirements to allege fraud with particularity.

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). The same elements comprise a cause of action for negligent

misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

"[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.

F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[3] In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess*, 317 F.3d at 1107. A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Cvi.P. 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can

---

[3] F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original)).

prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Ca. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.* 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

The FAC is severely lacking and fails to satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements as to Weiss. The complaint makes no effort to allege names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. The FAC fails to substantiate the circumstances alleging falseness attributable to Weiss. The FAC lacks facts to support each fraud element. The fraud claim's deficiencies are so severe to suggest no potential improvement from an attempt to amend.

### *Inconsistency With SOT And NOD*

Weiss contends that the FAC's allegation that Weiss was not the substituted trustee and lacked authority to record the NOD is inconsistent with the SOT, NOD and California Civil Code section 2934a(d), which states:

> A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date of substitution is executed by the mortgagee, beneficiaries, or by their authorized agents. . . . **Once recorded, the substitution shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section**. (Bold added.)

Weiss notes the absence of "reasonable dispute" of its status as the substituted trustee under the SOT at commencement of foreclosure.

Ms. Swanson is unable to challenge meaningfully Weiss substituted trustee status. Moreover, Weiss' substituted trustee status is not dependent on possession of the original note, which as discussed above, is not required for foreclosure.

Ms. Swanson's fraud claim against Weiss fails to warrant its dimissal.

### **UCL Claim**

The FAC's (seventh) UCL claim alleges that Weiss' "negligence, fraud and illegal foreclosure activities . . . constitute unlawful, unfair and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq."

Weiss notes that recordation of the SOT and NOD are the only wrongs which the FAC attributes to Weiss. Weiss argues that its actions complied with the foreclosure statutory scheme of California Civil Code sections 2924-2924l to provide a "complete defense" to a UCL claim.

"Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329, 216 Cal.Rptr. 718 (1985) (quoting Cal. Bus. & Prof. Code, § 17200). An "unlawful business activity" includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at 329, 216 Cal.Rptr. 718 (citing *People v. McKale,* 25 Cal.3d 626, 631-632, 159 Cal.Rptr. 811, 602 P.2d 731 (1979)).

The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999). According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins. Exchange v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487 (1992).

"Unfair" under the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548 (1999).

The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.,* 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001), or to allege that "members of the public are likely to be deceived." *Medical Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673, at *5 (N.D. Cal. 2005).

"A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

Weiss is correct that an unfair business practice claim based on "recordation of documents required in a statutory power of sale foreclosure" lacks logic and merit. The FAC is deficient to allege

that Weiss engaged in unfair business practices subject to the UCL. The FAC lacks reasonable particularity of facts to support an UCL claim. The claim's bare mention of "unlawful, unfair and/or fraudulent business practices" provides not the slightest inference that Ms. Swanson has a viable UCL claim against Weiss. The FAC points to no predicate violation of law. Similar to the fraud claim, the UCL claim lacks particularity of fraudulent circumstances, such as a misrepresentation, for a UCL claim against Weiss. The FAC lacks allegations of ongoing wrongful business conduct or a pattern of such conduct. The UCL claim lacks facts to hint at a wrong subject to the UCL to warrant the claim's dismissal against Weiss.

**Wrongful Foreclosure**

The FAC's (tenth) wrongful foreclosure claim alleges:

> In the Notice of Trustee Sale, Defendant Weiss claims that it was the duly appointed Trustee pursuant to the Deed of Trust but fails to identify the holder of the beneficial interest. None of the Defendants are in possession of the Note and, accordingly, none are entitled to enforce the security interest on the Property.
>
> . . . Weiss did not have the right to commence foreclosure proceedings and as a result recorded defective Notices of Default and Notices of Trustee's Sale, in direct violation of the requirements set forth in California Civil Code § 2923.5

Weiss correctly notes that the claim's reliance on a "produce-the-note" theory is misplaced and has been rejected by this Court and others. "Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos*, 2009 WL 385855, *3 (citing Cal. Civ. Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal*, 2007 WL 2140640, *8.

Moreover, in the absence of a foreclosure sale, Weiss cannot be liable for "wrongful foreclosure." "[A] trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1,7, 89 Cal.Rptr. 323 (1970). The complaint lacks facts of Weiss alleged illegal or fraudulent activity to impose tort liability based on their conduct in connection with foreclosure of the property.

Weiss notes that its compliance with California Civil Code section 2923.5 ("section 2923.5") to further defeat the wrongful foreclosure claim. Section 2923.5 requires a lender or its agent to attempt to contact a defaulted borrower prior to foreclosure. Section 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."

The record reveals that the NOD included the necessary declaration to satisfy section 2923.5. The FAC alleges no cognizable claim that Weiss was precluded to commence foreclosure based on failure to satisfy section 2923.5. Section 2923.5 requires only contacts or attempted contacts to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *See* Cal. Civ. Code, § 2923.5(a)(2). An alleged section 2923.5 claim fails as to Weiss.

### Attempt At Amendment And Malice

Ms. Swanson's claims against Weiss are insufficiently pled and barred as a matter of law. Ms. Swanson is unable to cure her claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court is concerned that Ms. Swanson has brought this action in absence of good faith and that Ms. Swanson exploits the court system solely for delay or to vex Weiss. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against Weiss.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against Weiss;
2. DENIES as moot the request of Ms. Swanson's counsel to appear by telephone at the December 22, 2009 hearing; and
3. DIRECTS the clerk to enter judgment against plaintiff Marla Lynn Swanson and in favor of defendant Robert E. Weiss, Inc. in that there is no just reason to delay to enter such judgment given that Ms. Swanson's claims against Weiss are clear and distinct from claims against the other defendants. *See* F.R.Civ.P. 54(b).

IT IS SO ORDERED.

Dated:   **December 9, 2009**              /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE