# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA LYNN SWANSON, | CASE NO. CV F 09-1507 LJO DLB |
| Plaintiff, | **ORDER ON DEFENDANT ROBERT E. WEISS, INC.'S SANCTION MOTION** |
| vs. | (Doc. 44.) |
| EMC MORTGAGE CORPORATION, et al, | |
| Defendants. / | |

## INTRODUCTION

Defendant Robert E. Weiss, Inc. ("Weiss") seeks to impose under 28 U.S.C. § 1927 and this Court's inherent power a $10,072.50 sanction on plaintiff's attorney Sharon L. Lapin ("Ms. Lapin") in that Ms. Lapin in bad faith unreasonably and vexatiously multiplied proceedings against Weiss by pursuing meritless claims against Weiss. In response, Ms. Lapin acknowledges "errors and oversights" and pleads for a sanction which is "proportionate to the inadvertent and unintentional errors" and excludes punishment "out of proportion to any actual harm or expense" honestly attributable to Ms. Lapin's errors. This Court considered Weiss' sanction motion on the record and VACATES the March 31, 2010 hearing, pursuant to Local Rule 78-230(g). For the reasons discussed below, this Court IMPOSES a $4,375 sanction on Ms. Lapin.

1

# BACKGROUND

## Plaintiff's Loan And Default

In July 2006, plaintiff Marla Lynn Swanson ("plaintiff") borrowed $308,000 from defendant Community Lending, Inc. for her Sanger residence ("property"). The loan was secured by a Deed of Trust ("DOT") on the property. By a Substitution of Trustee ("SOT") recorded on February 24, 2009, Weiss substituted as DOT trustee.[1] On March 5, 2009, Weiss recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") to initiate foreclosure of the property. Foreclosure has proceeded no further, and no notice of trustee's sale has been recorded.

## Plaintiff's Claims And Weiss' Response

On August 25, 2009, Ms. Lapin filed for plaintiff her original complaint to allege against Weiss claims of negligence, fraud, unfair business practices and wrongful foreclosure. With his September 24, 2009 letter to Ms. Lapin, Weiss' counsel Cris A. Klingerman ("Mr. Klingerman") included copies of plaintiff's promissory note for her loan along with the SOT and NOD to aid in Ms. Lapin's "due diligence investigation." The letter noted that Weiss "should be dismissed from the litigation or included only as a nominal defendant consistent with California Civil Code Section 2924l." To that end, Mr. Klingerman also enclosed his signed stipulation and proposed order to relegate Weiss to a non-monetary nominal defendant subject to orders and judgment regarding the DOT.

Ms. Lapin did not respond to Mr. Klingerman regarding his letter or proposed stipulation and order.

On October 30, 2009, Ms. Lapin filed for plaintiff a first amended complaint ("FAC") to allege again claims against Weiss for negligence, fraud, unfair business practices and wrongful foreclosure.[2] Weiss notes that the FAC "essentially sought recovery against Weiss for accepting substitution as a trustee under the DOT and concurrent recordation of the NOD. The FAC made sweeping allegations against "defendants," including Weiss, regarding loan origination although Weiss was not involved with

---

[1] All documents pertaining to Ms. Swanson's loan and foreclosure were recorded in the Fresno County Recorder's Office.

[2] The FAC named defendants who had been dismissed to subject Ms. Lapin to this Court's order to show cause why sanctions should not be imposed.

2

loan origination and was substituted as DOT trustee three years after loan origination.

On November 19, 2009, Weiss filed its motion to dismiss the FAC's claims as legally barred and frivolous. Weiss characterizes the FAC as a "ploy by plaintiff[] to retain possession of residential property without payment of the loan amount." Ms. Lapin did not oppose dismissal of the claims against Weiss.[3] This Court issued its December 10, 2009 order ("December 10 order") to dismiss with prejudice this action against Weiss in that the "claims against Weiss are insufficiently pled and barred as a matter of law." The December 10 order expressed this Court's concerns that plaintiff through Ms. Lapin "has brought this action in absence of good faith" and "exploits the court system solely for delay or to vex Weiss." The December 10 order noted that an "attempt to vex or delay provides further grounds to dismiss this action against Weiss."

Mr. Klingerman's February 1, 2010 letter offered to forego this sanction motion in exchange for Ms. Lapin's $5,000 "voluntary payment." Ms. Lapin did not respond. Weiss filed its sanction motion to recover its attorney fees and costs to address Ms. Lapin's "unreasonable and vexatious multiplication of the proceedings after filing and maintaining a frivolous, baseless suit against Weiss."

## DISCUSSION

### Court Authority

This Court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996); *Lokary v. Kayfetz*, 974 F.2d 1166, 1170 (9th Cir.), *cert. denied, sub. nom., Pacific Legal Foundation v. Kayfetz*, 508 U.S. 931, 113 S.Ct. 2397 (1993); *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983). The Ninth Circuit Court of Appeals has observed:

> Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession.

*Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322, 1324-1325 (9th Cir.), *cert. denied sub nom. Shell*

---

[3] Ms. Lapin attaches to her sanction opposition papers an opposition to Weiss' motion to dismiss the FAC. Ms. Lapin neither filed the opposition nor sought this Court's consideration of the opposition until she filed her sanction opposition papers.

1  *Oil Co. v Gas-A-Tron of Ariz.*, 429 U.S. 861, 97 S.Ct. 164 (1976).

2  The determination to sanction is subject to a court's sound discretion. *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.), *cert. denied*, 489 U.S. 1096, 111 S.Ct. 986 (1991); *Erickson v. Newmar Corp*. 87 F.3d 298, 303 (9th Cir. 1996). "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.) (internal quotations omitted), *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757 (1990).

To address a sanction, this Court looks to its Local Rules, 28 U.S.C. § 1927 and its inherent powers.

**Local Rules**

Federal judges have broad powers to impose sanctions for abuses of process. *Gas-A-Tron*, 534 F.2d at 1324-1325. This Court's Local Rule 110 provides: "The failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

This Court's Local Rule 184(a) addresses attorney discipline and provides:

> In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42,[4] or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

Neither this Court's Local Rules nor the Federal Rules of Civil Procedure clearly define "other appropriate disciplinary action" for attorney conduct short of criminal contempt. Nonetheless, federal judges have an "arsenal of sanctions" to impose for unethical behavior and including a monetary sanction, contempt, dismissal and disqualification of counsel. *Erickson*, 87 F.3d at 303. The California Rules of Professional Conduct and the State Bar Rules of California may also provide appropriate sanctions. *See* Local Rule 180(e) (adopting California State Bar Act, Rules of Professional Conduct and

---

[4] 18 U.S.C. § 401 authorizes a fine or imprisonment, at a court's discretion, for contempt of its authority, and for misbehavior of any person in the court's presence "or so near thereto as to obstruct the administration of justice." F.R.Crim.P. 42(b) punishes as criminal contempt conduct which a "judge saw or heard . . . or [] committed in the actual presence of the court."

applicable court decisions as standards of professional conduct in this district).

Under California law, an attorney is prohibited to: (1) "bring an action" or "assert a position in litigation . . . without probable cause and for the purpose of harassing or maliciously injuring any person"; or (2) "present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of such existing law." Cal. Rules of Prof. Conduct, Rule 3-200(A) and (B).  An attorney may use only methods "as are consistent with truth, and never seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." Cal. Bus. & Prof. Code, § 6068(d).  "In presenting a matter to a tribunal, a member: (A) Shall employ, for the purpose of maintaining the causes confided to the member such means only as are consistent with truth; (B) Shall not seek to mislead the judge, judicial officer, or jury by an artifice of false statement of fact or law; (C) Shall not intentionally misquote to a tribunal the language of a book, statute, or decision . . ." Cal. Rules of Prof. Conduct, Rule 5-200.

## **28 U.S.C. § 1927**

28 U.S.C. § 1927 ("section 1927") addresses counsel's liability for excessive costs and provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The decision to award a section 1927 sanction rests in a court's sound discretion. *Wages*, 915 F.2d at 1235.

A section 1927 sanction requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (9th Cir. 1998) ("willful continuation of a suit known to be meritless" satisfies section 1927).

Section 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Management Co. Sec. Litig. (Keegan Management Co. v. Moore)*, 78 F.3d 431, 435 (9th Cir. 1995). "Vexatious" is defined as "lacking justification and intended to harass." *Overnight Transp. Co. v. Chicago Ind. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983).

Section 1927 sanctions must be based on a finding that the sanctioned attorney acted in subjective bad faith. *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989);

*United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). "Knowing or reckless conduct meets this standard." *Pac. Harbor Capital, Inc. v. Carnival Air Lines*, 210 F.3d 1112, 1118 (9th Cir. 2000). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990) (citing *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988)); *New Alaska*, 869 F.2d at 1306; *see Keegan Management*, 78 F.3d at 436; *Salstrom v. Citicorp Credit Serv., Inc.*, 74 F.3d 183 (9th Cir.), *cert. denied, sub nom.*, *Webb v. Citicorp Credit Serv. Inc.*, 117 S.Ct. 60 (1996); *MGIC Idemnity v. Moore*, 952 F.2d 1120 (9th Cir. 1991); *Toombs v. Leone*, 777 F.2d 465 (9th Cir. 1985) (court need not make express findings as to counsel's state of mind because record contained sufficient evidence to support decision); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1106 (9th Cir. 2001) ("under section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation"); *Shafii v. British Airways, PLC*, 83 F.3d 566, 569 (2nd Cir. 1996) (sanction warranted if meritless actions lead to conclusion that they were undertaken for improper purposes, such as delay).

In *Blodgett*, 709 F.2d at 610-611, the Ninth Circuit Court of Appeals explained section 1927's limitations:

> Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct. Similarly, cases that have considered the district court's inherent power to sanction attorneys for litigating in bad faith have related such sanctions to the amount of fees incurred by the opposing counsel, and have not based sanctions on increased costs experienced by the court.

### **Inherent Power**

In addition, federal courts have inherent power to impose sanctions for attorney misconduct and such sanctions include an award of attorney's fees, against attorneys and parties who "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or acted in "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766, 100 S.Ct. 2455, 2463-2464 (1980); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1532 (9th Cir. 1987); *see Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3rd Cir. 1995). A district court is also inherently empowered to sanction for "willfulness or fault of

6

the offending party." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988); *Unigard Sec. Ins. v. Lakewood Engineering & Mfg.*, 982 F.2d 363, 368, n. 2 (9th Cir. 1992). However, recklessness "is an insufficient basis for sanctions under a court's inherent power." *Keegan Management*, 78 F.3d at 436. Sanctions imposed under a court's inherent powers require a finding of bad faith. *Chambers*, 501 U.S. at 55, 111 S.Ct. 2123.

A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43, 111 S.Ct. at 2132. Such inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *Chambers*, 501 U.S. at 42; 111 S.Ct. at 2123. Nonetheless, "the inherent power extends to a full range of litigation abuses." *Chambers*, 501 U.S. at 46, 111 S.Ct. at 2134.

"Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45-46, 111 S.Ct. at 2133; *see Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259, 95 S.Ct. 1612, 1622 (1975). Bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar assessment of attorneys' fees." *Mark Ind., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted). Bad faith is tested objectively. "[A] district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986); *see Baker v. Cerberus, Ltd.,* 764 F.2d 204, 210 (3rd Cir. 1985); *Perichak v. International Union of Elec. Radio*, 715 F.2d 78, 79 (3rd Cir. 1983). There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." *Ford,* 790 F.2d at 347.

When exercising inherent powers to sanction, a court must exercise discretion to fashion an appropriate remedy. *Erickson*, 87 F.3d at 303 (citing *Chambers*, 501 U.S. at 44-45.) When exercising discretion under its inherent sanction powers, a court is guided by considerations applicable to sanctions under the Federal Rules of Civil Procedure. Factors to consider include:

1.   The nature and quality of the conduct at issue;

  2. As between attorney and client, who is responsible for the culpable conduct;

  3. Whether there was a pattern of wrongdoing to require a stiffer sanction;

  4. The sanctioned party's ability to pay;

  5. Whether the wrongdoing actually prejudiced the wrongdoer's opponent or hindered the administration of justice; and

  6. The existence of mitigating factors.

*Westinghouse*, 43 F.3d at 74.

Under its inherent authority, a court may impose sanctions on counsel or a party. *See Roadway Express*, 447 U.S. at 767, 100 S.Ct. 2455. An attorney's fee award under a court's inherent power is intended to vindicate judicial authority, not to provide a substantive remedy to an aggrieved party. "The wrong was to the court." *Mark Industries*, 50 F.3d at 733.

With the above standards in mind, this Court turns to Weiss' grounds for a sanction and requested amount of a sanction.

### **Ms. Lapin's Conduct**

As a reminder, Mr. Klingerman sent his September 24, 2009 letter to Ms. Lapin to include copies of relevant documents to aid Ms. Lapin's "due diligence investigation" under F.R.Civ.P. 11. The letter noted that based on insufficient allegations, Weiss "should be dismissed from the litigation or included only as a nominal defendant consistent with California Civil Code Section 2924l." Mr. Klingerman also enclosed his signed stipulation and proposed order to relegate Weiss to a non-monetary nominal defendant subject to orders and judgment regarding the DOT.

Ms. Lapin did not respond to Mr. Klingerman regarding his letter or proposed stipulation and order. On October 30, 2009, Ms. Lapin filed the FAC to allege again claims against Weiss for negligence, fraud, unfair business practices and wrongful foreclosure. The December 10 order granted Weiss' unopposed motion to dismiss and noted concerns that Ms. Lapin "has brought this action in absence of good faith" and "exploits the court system solely for delay or to vex Weiss."

Ms. Lapin did not respond to Mr. Klingerman's February 1, 2010 letter to forego a sanction motion in exchange for Ms. Lapin's $5,000 "voluntary payment" toward the $6,572.50 fees Weiss had incurred prior to seeking a sanction.

1    Weiss argues that Ms. Lapin ignored Mr. Klingerman's September 24, 2009 letter "aiding in her due diligence" and "continued with a suit she should have known was frivolous" to indicate bad faith and continuation to vex, delay, and harass Weiss. Weiss contends that a sanction is appropriate in that Ms. Lapin filed the FAC on October 30, 2009, after information surfaced to conclude the claims against Weiss are baseless. An attorney has a "professional duty to dismiss a baseless law suit, even over the objection of his client, and to do it promptly when he learned that his client had no case." *Van Berkel v. Fox Farm and Road Machinery*, 581 F.Supp. 1248, 1251 (D. inn.1984) (attorney "unjustifiedly failed to dismiss this lawsuit after learning that it was barred by the statutes of limitations" and "thereby multiplied these proceedings unreasonably and vexatiously within the meaning of 28 U.S.C. § 1927").

    Weiss contends that Ms. Lapin's failure to stipulate to relegate Weiss to a non-monetary nominal defendant compelled Weiss to seek its dismissal to multiply unreasonably and vexatiously the proceedings and to render claims against Weiss as "brought for an improper purpose" given that Weiss "should never have been named as a defendant." Weiss points out that Ms. Lapin continued with the FAC to allege the same claims as the original complaint despite an opportunity to adjust "the legal and factual insufficiencies Weiss had pointed out a month prior." Weiss construes Ms. Lapin's failure to oppose dismissal of the claims against Weiss to establish "the baseless nature of her suit against Weiss" and "proof of her intent to delay the proceedings and to vex Weiss." Finally, Weiss characterizes Ms. Lapin's ignorance of its offer to forego a sanction motion in exchange for Ms. Lapin's payment of $5,000 as "further evidence of her indifference towards her misconduct and her bad faith."

    In her opposition papers, Ms. Lapin "acknowledges, admits, and apologizes to the Court for her errors and oversights" which "were solely attributable to her, and were in no way caused by the Plaintiff herself" to warrant imposition of a sanction against Ms. Lapin only. Ms. Lapin contends that her "errors and oversights were the result of mistakes," not bad faith or wilful disobedience. Ms. Lapin asserts that her conduct falls "far short of the subjective intentional Bad Faith and Willful vexation and harassment." As to Weiss' status as a non-monetary nominal defendant, Ms. Lapin points to District Judge Lawrence Karlton's February 11, 2010 order in another action that a deed of trust trustee "should not be

///

///

9

considered a nonmonetary defendant."[5] Ms. Lapin contends that acceptance of Weiss' non-monetary defendant stipulation "would have had no legal effect."

Ms. Lapin faults Weiss' failure "to show how it has sought to mitigate its claimed fees, or apportioned its fees regarding the 'excess' fees claimed as a result of Plaintiff's alleged wrongful acts." Ms. Lapin urges that "sanctions be realistically proportionate to the nature and true gravity of any harm genuinely suffered" by Weiss. Ms. Lapin cautions against an "unexamined 'blank check'" given that her conduct does not rise to the level of culpability to warrant Weiss' requested sanction.

In its reply papers, Weiss notes that Ms. Lapin attempts to obfuscate her conduct as "poor litigation habits." Weiss explains that plaintiff would have had "a better outcome" had Ms. Lapin stipulated to Weiss non-monetary nominal defendant stipulation given that the December 10 order dismissed Weiss with prejudice. Weiss points out that Ms. Lapin was subject to an order to show cause for her failure to appear at the December 3, 2009 scheduling conference and that she has initiated "a tidal wave of litigation" with filing in August alone 27 actions in this district.

In sum, Ms. Lapin compelled Weiss to seek unchallenged dismissal of doomed claims against it after Ms. Lapin ignored attempts to limit Weiss' expenditure of attorney fees, including stipulating to relegate Weiss to a non-monetary nominal defendant subject to orders and judgment regarding the DOT. Ms. Lapin's reliance on Judge Karlton's order is questionable given that the order issued months after Weiss' attempts to limit its involvement in this action. Ms. Lapin acknowledges her "inartful" pleading and failure to oppose Weiss' motion to dismiss. Ms. Lapin confuses such "errors" with the true vice at issue here – continued pursuit of meritless claims against Weiss. No rationale explanation appears to continue to pursue claims against Weiss, especially given Weiss' late appearance as DOT trustee years after origination of plaintiff's loan – the heart of plaintiff's claims in this action. As such, the record implicates Mr. Lapin to have continued to pursue claims against Weiss solely to harass or vex Weiss in bad faith. The law supported neither the FAC's claims against Weiss nor a good faith argument to extend, modify or reverse existing law. Ms. Lapin's pursuit of the claims against Weiss

---

[5] In the order, Judge Karlton explains: "It appears to this Court that §2924l is a state procedural rule, and not state substantive law. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Accordingly, nonmonetary status may not be granted in federal court."

appears as an attempt to mislead this Court or at a minimum, to suggest existence of potentially cognizable claims against Weiss when none are available.

Ms. Lapin has unreasonably and vexatiously multiplied this Court's proceedings to require Weiss to incur unnecessary attorney fees and this Court to address meritless claims against Weiss. Ms. Lapin has acted in no less than bad faith given her indefensible position to continue to pursue claims against Weiss and ignorance of Weiss' mitigation attempts, which if she had accepted, would have limited Weiss and this Court's unnecessary efforts and left plaintiff in a better position than Weiss' dismissal. As such, Ms. Lapin is subject to a sanction pursuant to section 1927 and this Court's inherent power. The remaining question is the amount of the sanction.

**Sanction Amount**

Weiss' billing statement reflects that it seeks $10,072.50 based on 28.75 hours at a $350 hourly attorney rate plus a $10 overnight delivery fee. In short, Weiss seeks to recover all attorney fees devoted to this action. The bulk of the attorney fees are devoted to preparation of motion to dismiss papers ($4,375) and this sanction motion ($3,500). The remainder of the attorney fees address correspondence, a court status conference, and similar routine tasks.

Weiss offers nothing to support or qualify the $350 hourly rate, which presumably is that of a partner. Assessing Weiss' entire requested sanction based on such an unsupported and unqualified rate would be punitive.

As such, this Court focuses on the primary attorney work necessitated by Ms. Lapin's conduct. Preparation of the motion to dismiss papers was compelled by Ms. Lapin's conduct. As such, with acceptance of a $350 hourly billing rate, the scope of services subject to a sanction is preparation of the motion to dismiss papers. Assessing an award on other attorney fees would be excessive considering their routine nature and questionable need to devote 10 hours to prepare the simple sanction motion papers. As such, a $4,375 sanction against Ms. Lapin is proper to fulfill section 1927 and related sanction purposes.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. IMPOSES a $4,375 sanction on Ms. Lapin; and

2.  ORDERS Ms. Lapin, no later than April 16, 2010 to: (1) pay Robert E. Weiss, Inc. $4,375 and to file papers with this Court to confirm timely payment to Robert E. Weiss, Inc; or (2) reach agreement with Weiss on other terms acceptable to Weiss for payment of the sanction and to file papers with the Court to confirm the agreement.

IT IS SO ORDERED.

**Dated:   March 23, 2010**                      /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE