IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARLA LYNN SWANSON, | ) | 1:09cv01507 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION |
| vs. | ) | (Document 50) |
| EMC MORTGAGE CORPORATION, et al., | ) | ORDER GRANTING SANCTIONS AGAINST PLAINTIFF |
| Defendants. | ) | |

Defendants Brokerleon, Inc., Leon Turner, Jr., and Shantae Michelle Curran ("Defendants") filed the instant motion to compel the deposition of Plaintiff Marla Lynn Swanson on September 3, 2010. Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument.

**BACKGROUND**

Plaintiff filed the instant action on August 25, 2009, alleging violations of the Truth in Lending Act and Real Estate Settlement Procedures Act, as well state law causes of action. After certain Defendants were dismissed, Plaintiff filed her amended complaint on October 30, 2009. This action is based on alleged negligent, fraudulent and unlawful conduct concerning a residential mortgage loan transaction between Defendants and Plaintiff.

1

On December 10, 2009, the Court issued an order to show cause why the action should not be dismissed for Plaintiff and her counsel's failure to attend the mandatory Scheduling Conference. The Court discharged the order and issued a Scheduling Conference Order on February 3, 2010. The discovery deadline is October 15, 2010. Trial is currently set for March 28, 2011.

Defendants filed the instant motion to compel Plaintiff's deposition on September 3, 2010.

Plaintiff has not responded to the motion or otherwise contacted Defendants or the Court.

## DISCUSSION

A.  Motion to Compel Discovery

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Rule 37 also authorizes a court, on motion, to order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

On August 4, 2010, Defense counsel Susan Moore noticed Plaintiff's deposition for August 18, 2010. Declaration of Susan Moore ("Moore Dec.") ¶ 1, Exh. A. Plaintiff was served at her attorney's address of record. Moore Dec., ¶ 3. Plaintiff did not appear for her deposition. Moore Dec., ¶ 4.

On August 18, 2010, Ms. Moore emailed Plaintiff's counsel in an attempt to work out a continued date. Moore Dec., ¶ 5, Exh. C. Sharon Lapin, Plaintiff's attorney, has not responded. Moore Dec., ¶ 6.

Plaintiff's deposition was therefore properly noticed and she has set forth no cause for failing to attend. Accordingly, Defendants motion to compel Plaintiff's deposition is GRANTED. Plaintiff SHALL appear for her deposition within twenty (20) days of the date of service of this order, at a date and time, during regular business hours, to be chosen by Defendants.

B.  Sanctions

Pursuant to Federal Rule of Civil Procedure 37(d), Defendants are entitled to sanctions for Plaintiff's failure to attend her deposition.

Defendants request sanctions in the amount of $795.00, the amount her firm has spent in

bringing this motion.  Moore Dec., ¶ 9.

Plaintiff's unexplained failure to attend her properly noticed deposition also caused Defendants to incur additional attorney time and reporter costs.

The Court therefore GRANTS Defendants' request for sanctions in the amount of $795.00, as well as attorney time and reporter costs associated with the August 18, 2010, deposition.  The sanctions are imposed JOINTLY against Plaintiff and her counsel, Sharon Lapin.

Defendants SHALL submit a declaration setting forth the attorneys' fees and costs from the deposition within ten (10) days of the date of service of the order.  The Court will then issue an order setting forth the total amount of sanctions.

IT IS SO ORDERED.

Dated:   **September 27, 2010**              /s/ **Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE

3